UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANDRE CALIX,

                Plaintiff,

     -against-                                  **MEMORANDUM AND ORDER**

*Lieutenant* THOMAS POPE,

                                                     18-CV-3980 (RPK) (PK)

                Defendant.                        19-CV-6685 (RPK) (PK)

-------------------------------------------------------x

ANDRE CALIX,

                Plaintiff,

     -against-

UNITED STATES OF AMERICA,

                Defendant.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Defendants Lieutenant Thomas Pope and the United States move to seal six summary-judgment exhibits in the consolidated cases, *Calix v. Pope*, No. 18-CV-3980 (RPK) (PK) (E.D.N.Y.), and *Calix v. United States*, No. 19-CV-6685 (RPK) (PK) (E.D.N.Y.). For the reasons that follow, the motions are granted in part and denied in part.

## THE DISPUTED DOCUMENTS

      Defendants seek to seal six documents submitted in support of their motions for summary judgment in these two cases: defendants' Exhibits D, E, H, J, L, and M. *See* Letter Mot. for Leave to Electronically File Document Under Seal, *Calix v. Pope*, No. 18-CV-3980 (RPK) (PK) (E.D.N.Y.) (Dkt. #126) ("Letter Mot."); *id.*, Ex. D (Dkt. #126-1) ("Exhibit D"); *id.*, Ex. E (Dkt.

1

#126-2) ("Exhibit E"); *id*., Ex. H (Dkt. #126-3) ("Exhibit H"); *id*., Ex. J (Dkt. #126-4) ("Exhibit J"); *id*., Ex. L (Dkt. #126-5) ("Exhibit L"); *id*., Ex. M (Dkt. #126-6) ("Exhibit M"); *see also* Letter Mot. for Leave to Electronically File Document Under Seal, *Calix v. United States*, No. 19-CV-6685 (RPK) (PK) (E.D.N.Y.) (Dkt. #67); *id*., Ex. D (Dkt. #67-1) ("Exhibit D"); *id*., Ex. E (Dkt. #67-2) ("Exhibit E"); *id*., Ex. H (Dkt. #67-3) ("Exhibit H"); *id*., Ex. J (Dkt. #67-4) ("Exhibit J"); *id*., Ex. L (Dkt. #67-5) ("Exhibit L"); *id*., Ex. M (Dkt. #67-6) ("Exhibit M").

These exhibits contain plaintiff's and his cellmate's security designations, the cellmate's disciplinary record, the cellmate's housing record, email correspondence about a sexual assault the cellmate allegedly committed on another inmate, and an investigative report concerning those allegations. Decl. of Matthew J. Modafferi ¶¶ 7-8, 11, 13, 15-16, *Calix v. Pope*, No. 18-CV-3980 (RPK) (PK) (E.D.N.Y.) (Dkt. #123-2) ("Modafferi Decl."); Ex. D; Ex. E; Ex. H; Ex. J; Ex. L; Ex. M. Neither plaintiff's cellmate nor the alleged assault victim are parties to this litigation, nor are the officers referenced in the exhibits, except for defendant Pope.

## STANDARD OF REVIEW

A three-step inquiry governs the decision to seal a particular record. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). First, the court determines whether the record at issue is a "judicial document." *Ibid*. If it is, a presumption of access attaches, and the court proceeds to step two, where it "determine[s] the weight" to accord to "the presumption of access." *Ibid*. (quotations omitted). "[T]he role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" governs this determination. *Ibid*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). At step three, the court balances this presumption against countervailing factors that "legitimately counsel against disclosure of the judicial document." *Ibid*.

2

In conducting this inquiry, a court must "review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). A document may only be sealed if a court determines that doing so is necessary to preserve higher values. *Id*. at 47. Even then, any such order must be "narrowly tailored" to redact or seal no more than necessary. *Ibid*. (quoting *Lugosch*, 435 F.3d at 124).

## DISCUSSION

Defendants' motions are granted in part and denied in part. As explained below, Exhibit J may be maintained under seal. Defendants may redact names and personally-identifiable information of non-parties from Exhibits D, H, L, and M. Exhibit E shall be filed without redactions.

**I.   A strong presumption of access attaches to the disputed materials.**

Since items "submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents," a presumption of access attaches to these exhibits at step one of the sealing analysis. *Lugosch*, 435 F.3d at 121. Whether the materials ultimately prove necessary to decide that motion is irrelevant. One purpose of the presumption of public access is to permit "the public . . . to assess the correctness of the judge's decision," *id*. at 123 (quotations omitted), and the public can only perform this function if it has access to *all* of the summary-judgment materials before the judge, not just the materials the judge actually relied upon, *ibid*. Moreover, the Second Circuit has "expressly rejected the proposition that . . . documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion for summary judgment." *Brown*, 929 F.3d at 48 (brackets and quotations omitted). Accordingly, these six exhibits enjoy the "strong presumption of access" that attaches to all summary-judgment submissions. *Id*. at 47 (quoting *Lugosch*, 435 F.3d at 121).

## II.  Some information in the exhibits should nevertheless be sealed.

Higher values justify sealing Exhibit J and redacting personally identifiable information from Exhibits D, H, L, and M, but they do not justify sealing those documents in their entirety or sealing Exhibit E.

Contrary to defendants' arguments, sealing is not justified because the materials were produced pursuant to a protective order and contain Privacy-Act-protected materials. *See* Letter Mot. While a movant may "call the district court's attention to any particular circumstances surrounding the production of a contested document" when moving to seal, *Lugosch*, 435 F.3d at 126, "the mere existence of a confidentiality order" without more "says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable," *Moroughan v. Cnty. of Suffolk*, No. 12-CV-512 (JFB) (AKT), 2021 WL 280053, at *3 (E.D.N.Y. Jan. 24, 2021) (quoting *Lugosch*, 435 F.3d at 126). Alone, a generalized reference to a protective order or the Privacy Act is not enough to enable the "specific, on-the-record findings" required to seal documents. *Brown*, 929 F.3d at 48 (quoting *Lugosch*, 435 F.3d at 121).

Sealing of portions of exhibits L and M is justified because those documents contain information about investigations. *See* Letter Mot. Access to information may be restricted based upon the law-enforcement privilege to "prevent [the] disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, [and] to safeguard the privacy of individuals involved in an investigation." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 147 (2d Cir. 1995) (quoting *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988)). This privilege justifies restricting access to portions of Exhibits L and M. While the investigative techniques those exhibits describe—primarily witness interviews and reviews of security tapes—are not sensitive, the exhibits identify nonparty officers and a nonparty-complaining witness. *See* Ex. L; Ex. M. The interest in

4

"protect[ing] witness and law enforcement personnel" therefore justifies redacting the names and personally identifiable information of these nonparties. *Amodeo I*, 44 F.3d at 147 (quoting *In re Dep't of Investigation*, 856 F.2d at 484).

Finally, sealing of portions of exhibits D, H, J, L, and M is justified because they contain "allegations" and "information" relating to nonparty inmates. Letter Mot. "[T]he privacy interests of innocent third parties . . . weigh heavily" in the sealing calculus. *Amodeo II*, 71 F.3d at 1050 (quotations omitted). Individuals have "a significant interest in their disciplinary records," particularly when "the allegations of misconduct against them have not been substantiated." *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 400 (S.D.N.Y. 2020); *see In re Gen. Motors LLC*, No. 14-MD-2543 (JMF), 2015 WL 9480477, at *1 n.1 (S.D.N.Y. Dec. 29, 2015). This is especially true for nonparties, who lack "a fair opportunity . . . to respond to any accusations contained therein." *Amodeo II*, 71 F.3d at 1051. Exhibit L and Exhibit M detail an alleged sexual assault committed against a non-party inmate. Ex. L; Ex. M. The allegation was determined to be unsubstantiated, *see* Ex. M 5, and as a nonparty, the cellmate cannot respond to these allegations, *Amodeo II*, 71 F.3d at 1051. Accordingly, the privacy interests of the nonparty cellmate justify redacting his name and personally identifiable information from these exhibits. Similarly, Exhibits D, H, and J contain the cellmate's name and other personally identifiable information. Accordingly, the cellmate's privacy interest also justifies restricting access to that information in these exhibits.

**III.        Exhibit J shall be sealed, and Exhibits D, H, L, and M shall be redacted.**

Exhibit J shall be sealed in its entirety based on the law-enforcement privilege and nonparty-privacy interests, because a more limited redaction of this document is not feasible. However, I decline to seal Exhibits D, H, L, and M in their entirety. Sealing orders must be "narrowly tailored." *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 121). Since "specific

5

redactions" are sufficient to protect the interests that defendants have identified in this document, complete sealing is unnecessary. *Est. of Jackson by Jackson v. Cnty. of Suffolk*, No. 12-CV-1455 (ARR), 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) (citing *Brown*, 929 F.3d at 48 n.22); *McCord v. Reardon*, No. 20-CV-2005 (EK), 2020 WL 5342637, at *2 (E.D.N.Y. Sept. 4, 2020). Accordingly, defendants shall redact the names and personally identifiable information of all nonparty officers and inmates from Exhibits D, H, L, and M. Since Exhibit E does not appear to contain any nonparty names or personally-identifiable information, the motion to seal this exhibit is denied in full.

## CONCLUSION

Defendants' motions to seal are granted in part and denied in part. Exhibit J shall be sealed. Defendants shall redact the names and personally identifiable information of nonparty officers and inmates from Exhibits D, H, L, and M and file the redacted versions on the docket by July 15, 2022. The motion to seal Exhibit E is denied.

SO ORDERED.

                                                       /s/ Rachel Kovner
                                                     RACHEL P. KOVNER
                                                     United States District Judge

Dated:        June 28, 2022
                Brooklyn, New York